UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH R. HIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09-CV-1046 CAS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court pursuant to the Report and Recommendation of United States Magistrate Thomas C. Mummert, III, filed January 28, 2011. See 28 U.S.C. § 636(b). The Magistrate Judge recommended that the decision of the Commissioner denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, and supplemental security income benefits under Title XVI of the Social Security Act 42 U.S.C. §§ 1381-1383b, be affirmed.

Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Plaintiff objects that the Report and Recommendation incorrectly found that the administrative law judge ("ALJ") properly relied on the vocation expert's ("VE") testimony. Plaintiff argues that the ALJ erred in relying on the VE's testimony, because the hypothetical under which the VE found there were jobs plaintiff could perform did not incorporate restrictions a consulting doctor had imposed, and the ALJ found the consulting doctor's assessment was credible. Plaintiff argues this was reversible error because when those additional restrictions were included in a hypothetical, the VE opined that there were no jobs plaintiff could perform. Plaintiff also objects that Magistrate Judge

misrepresented plaintiff's work record and wrongfully found that the ALJ properly discounted plaintiff's work history. Plaintiff also argues that the ALJ did not address some of plaintiff's documented medical problems, including migraine headaches, right-hand problems, shortness of breath, and body temperature regulation problems. Defendant did not respond to plaintiff's objections.

Following de novo review of the objections and record in this matter, the Court finds that it does not concur in the recommendation of the Magistrate Judge. United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). For the following reasons, the Court will remand the case to the Commissioner with instructions to reconsider plaintiff's claim.

The Court adopts and incorporates by reference the following sections of the Report and Recommendation of the Magistrate Judge: Procedural History, Testimony and Interrogatories Before the ALJ, Medical and Other Records Before the ALJ, The ALJ's Decision, and Legal Standards. The Court also adopts and incorporates by reference the Magistrate Judge's Discussion section except for the discussion of the hypothetical questions posed to the VE and whether the questions accurately incorporated the restrictions found in the RFC, which begins on page 33.

## I. Discussion

The issue before the Court is whether substantial evidence supports the Commissioner's final determination that plaintiff was not disabled. Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992). Substantial evidence is that which a reasonable mind might accept as adequate to support the Commissioner's conclusion. Jones v. Chater, 86 F.3d 823, 826 (8th Cir. 1996). The possibility of drawing two inconsistent conclusions from the evidence does not prevent the Commissioner's findings from being supported by substantial evidence. Thus, even if there is substantial evidence

which would support a decision opposite to that of the Commissioner, the Court must affirm his decision as long as there is substantial evidence in favor of his opinion. Jones, 86 F.3d at 826.

    A.    **Inconsistencies in the RFC and VE Hypothetical Questions**

In this case the Court agrees with plaintiff that the ALJ improperly relied on the VE's answer to a hypothetical question that did not include restrictions found in a Residual Functional Capacity ("RFC") report upon which the ALJ had based his RFC determination.

In August 2007, consulting physician Llewellyn Sale Jr., M.D. performed a physical examination of plaintiff. Following the examination, Dr. Sale complete an RFC form. As the Magistrate Judge noted, Dr. Sale made the following assessment:

> [Plaintiff is] able to occasionally lift or carry twenty-one to fifty pounds and frequently carry up to ten pounds and noted that such limitations were due to the abnormal sweating which activity caused. Administrative Transcript at 177. **Plaintiff could sit or stand for one hour at a time without interruptions and could sit, stand, or walk for a total of four hours each in an eight-hour work day.** Id. at 178. **He could walk for no longer than thirty minutes without interruption.** Id. **He must change position every thirty to forty-five minutes because of his lower left extremities.** Id. He did not need a cane to ambulate. Id. Plaintiff could frequently (one-third to two-third of a work day) reach, handle, finger, feel, and push/pull with either hand. Id. at 179. He could also frequently operate foot controls with either foot. Id. Because of his knees, he should never kneel or crawl and should only occasionally climb, balance, stoop, and crouch. Id. at 180. He had no hearing or vision impairments. Id. Because of excessive sweating, he had environmental limitations of having to avoid humidity, wetness, and extreme heat. Id. at 181. Also, he should only occasionally be exposed to extreme cold. Id.

See Report and Recommendation (Doc. 24) at 17-18 (emphasis added).

In his decision, the AJL found Dr. Sale's opinion to be credible and consistent with the medical evidence. Tr. 17-18. The ALJ, however, did not address the internal inconsistencies in Dr. Sale's RFC regarding plaintiff's need to shift positions – that plaintiff could sit for one hour, stand for one hour, and walk for 30 minutes, but he would need to change position every thirty for forty-

3

five minutes. In his decision, the ALJ found plaintiff to have the same RFC as that found by Dr. Sale, with the exception that the ALJ did not find that plaintiff must change position every thirty to forty-five minutes because of his lower left extremities. Tr. 14. The ALJ did not explain why he excluded this limitation.

The ALJ's failure to address the inconsistencies in Dr. Sale's RFC is significant because those inconsistencies affected the opinion of the VE. In one hypothetical question the ALJ posed to the VE, the VE was asked to:

> Assume a worker able to lift 21-50 pounds occasionally and 10 pounds frequently; who can sit stand or walk (each) for up to 4 hours in an 8-hour workday – sit for 1 hour without interruption, stand for one hour without interruption – who can frequently reach in all directions, handle, finger, feel, push/pull with the arms, and operate foot controls – bilaterally; who should never kneel or crawl on the job, but can occasionally: climb ramps & stairs, climb ladders & scaffolds, balance, stoop or crouch; who should avoid humidity, wetness and extreme heat due to excessive sweating; and who should have no more than occasional exposure to extreme cold.

Tr. at 108.

Under this set of assumptions, the VE found the worker could not perform his past work as a welder or carpet layer, but that he could perform other work such as a security guard or retail salesperson. Tr. 108. In a second hypothetical question, the VE was asked to assume the worker had the RFC as stated above, "but who would need to change positions (sit/stand/walk) at no more than 30-45 minute intervals." Tr. 109. Under the second set of assumptions, the VE found that the worker could not perform his past work or any other work. Tr. 109-10.

In his decision, the ALJ found there was work plaintiff could perform based on the VE's answer to the hypothetical question with the first set of assumptions. Tr. 20. Plaintiff's attorney argues the ALJ should not have relied on the VE's answer to this hypothetical question because it

4

does not accurately set forth plaintiff's impairments, including the limitation of having to shift position every 30-45 minutes, as Dr. Sale found plaintiff would be required to do.

In his decision, the ALJ did address the VE's answer to the hypothetical with the second set of assumptions. First, he mistakenly stated that the hypothetical question had been posed by plaintiff's attorney, when it appears he had posed the question. Tr. 20. The ALJ acknowledged that under the second set of assumptions the VE found plaintiff would be unable to work, but he found that the interrogatory did not properly set forth plaintiff's limitations in that it was inconsistent:

> [T]he interrogatories requested by the attorney have significant inconsistencies and are generally vague. For example, a hypothetical question assumed the individual could sit and stand for an hour without interruption, but also assumed the individual would need to change positions every 30 to 45 minutes. The need to change position every 30 to 45 minutes is inconsistent with the ability to sit or stand for an hour without interruption.

Tr. 20.

This Court agrees with the ALJ that the interrogatory is inconsistent. But the interrogatory is based on Dr. Sale's RFC, which is also inconsistent. The ALJ did not address the inconsistencies in Dr. Sale's RFC. Instead he essentially adopted Dr. Sale's RFC without including the limitation that plaintiff would need to shift positions every 30-45 minutes. Furthermore, the ALJ did not explain why he was rejecting the additional limitation. The Court finds it was error for the ALJ to credit Dr. Sales RFC without resolving the internal inconsistencies in the report. Prosch v. Apfel, 201 F.3d 1010, 1013 (8th Cir.2000) (a physician's own inconsistencies may undermine his opinion and diminish or eliminate the weight given his opinions). It was also error for the ALJ to assess plaintiff's RFC without resolving whether plaintiff was indeed medically limited in that he would need to shift positions every 30-45 minutes. Lauer v. Apfel, 245 F.3d 700, 705 (8th Cir. 2001) (RFC is a medical question and the RFC findings must be supported by the medical evidence); Nevland

v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000) (error for ALJ to have draw upon his own inferences from the medical reports). Furthermore, the Court finds this error was not without prejudice. When the VE was posed a hypothetical question with second set of assumptions – with the additional limitations that plaintiff would need to shift position at no more than 30-45 minute intervals – the VE opined there was no work that plaintiff could preform. In light of this, the Court cannot conclude that the ALJ's decision was based on substantial evidence.

B.     Plaintiff's Work History

Plaintiff also objects that the Magistrate Judge misrepresented plaintiff's work record and wrongfully found that the ALJ properly discounted plaintiff's work history. In his Report and Recommendation, the Magistrate Judge wrote that "[i]n the 20 years between Plaintiff's first year of employment at the age of 16 years, and his alleged disability onset date of April 2005, the longest job plaintiff had held was for three years." See Doc. 24 at 30. Plaintiff takes exception to this finding and argues that the record reflects that plaintiff was an iron welder from 1985 to 1997. Plaintiff may have been a welder from 1985 to 1997, but in his work history report, which asks that plaintiff "list all the jobs you have had in the 15 years before you became unable to work," plaintiff listed that he held five jobs from 1992 to 2004. Tr. 143. Plaintiff wrote that from 1992 to 1993 he worked as a welder, and from 1993 to 1996 he worked as a welder. Presumably, these were different jobs because plaintiff listed them as separate entries. Id. Plaintiff did not list any jobs from 1990 up to 1992. The Court finds that the Magistrate Judge's finding is supported by the record.

But in any event, even if the Magistrate Judge was mistaken as to whether plaintiff had held a job for more than three years, the Court does not find this changes the Magistrate Judge's review of the ALJ's decision. In his decision, the ALJ wrote:

6

> The undersigned has reviewed the claimant's work history and finds that the claimant's work record is not positive in assessing his credibility. From 1985 to 2003, the claimant had only 9 years in which his annual earnings exceeded $5,000. During that period of time he also had 6 years in which his earnings were less than $1,000. The claimant worked rather sporadically prior to the alleged disability onset date, and his earnings do not document a strong motivation to work. Tr. 19.

The ALJ's findings regarding plaintiff's earnings are accurate and supported by the record. As the Magistrate Judge wrote, "[a] consistent work record supports a claimant's credibility, see Hutsell v. Massanari, 259 F.3d 707, 713 (8th Cir. 2001); conversely, an inconsistent work history does not, see Frederickson v. Barnhart, 359 F.3d 972, 976 (8th Cir. 2004); Ramirez v. Barnhart, 292 F.3d 576, 581 (8th Cir. 2002). See also Juszczyk v. Astrue, 542 F.3d 626, 632 (8th Cir. 2008) (affirming ALJ's adverse credibility decision based in part on claimant's poor work history, including an absence of earnings at a level indicating substantial gainful activity even when not allegedly disabled)." See Doc. 24 at 30. Plaintiff did not have a consistent work record, particularly with regard to his earnings, which was one of the factors the ALJ considered when he discounted plaintiff's credibility.

### C. The ALJ's Alleged Failure to Take Into Account Other Medical Problems

Plaintiff also argues that the ALJ did not address some of plaintiff's documented medical problems, including migraine headaches, right-hand problems, shortness of breath, and body temperature regulation problems. The Magistrate Judge addressed and rejected these arguments in his Report and Recommendation. Plaintiff does not specify in what way the Magistrate Judge's findings were inaccurate or how his analysis was flawed. The Court has reviewed the Magistrate Judge's Report and Recommendation and the corresponding records. The undersigned concurs with

the Magistrate Judge's analysis and conclusions. The Court adopts the Magistrate Judge's Report and Recommendation in this regard, and finds reversal is not warranted on these grounds.

### III. Conclusion

In light of the internal inconsistencies in Dr. Sale's RFC report, a report upon which the ALJ relied, and the ALJ's failure to address how these inconsistencies effected the VE's answers to the hypothetical questions posed, the Court finds the ALJ's decision is not based on substantial evidence in the record as a whole. However, the Court does not believe that here there is overwhelming evidence that would warrant an order that benefits be awarded. Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir. 2000) (ordinarily when a reviewing court concludes that a denial of disability benefits was improper, the court should, out of deference to the ALJ, remand the case for further administrative proceedings unless the record overwhelmingly supports such a finding of disability). The undersigned finds that this case should be remanded for the ALJ: (1) to resolve the inconsistencies in the RFC report upon which the ALJ relied; and (2) to determine whether additional testimony from the VE is needed.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge is **adopted** and **incorporated** only to the extent stated herein. In all other respects, the Court **declines to adopt** the Report and Recommendation. [Doc. 24]

**IT IS FURTHER ORDERED** that the decision of the Commissioner is **REVERSED.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Commissioner for further proceeding consistent with this memorandum and order pursuant to sentence four of § 405(g).

An appropriate judgment will accompany this order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   29th   day of March, 2011.