**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH R. HIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-1046 CAS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on plaintiff's amended motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1)(B).   The Commissioner objects to the request for attorney's fees, and argues his position was substantially justified.

### *Background*

On July 6, 2009, plaintiff Joseph R. Higgins filed the above-captioned cause of action challenging the denial of his application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383b.  On March 29, 2011, the undersigned declined to adopt the Report and Recommendation of United States Magistrate Thomas C. Mummert, III, and ordered that the decision of the administrative law judge ("ALJ") be reversed. The Court remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Following the order of remand, plaintiff's counsel filed the present application for attorney's fees.

Plaintiff seeks attorney's fees for 27.75 hours of work done by attorney Nancy Mogab at the rate of $163.59 per hour.  The total amount of fees sought by plaintiff is Four Thousand Five Hundred Thirty-Nine Dollars and Sixty-Two Cents. ($4,539.62).

Defendant opposes an award of fees to plaintiff.  Defendant does not contest the amount plaintiff seeks, but rather defendant argues that the Commissioner's decision was substantially justified as there was a reasonable basis in law and fact as is evidenced by the Magistrate Judge's Report and Recommendation.  Thus, pursuant to 28 U.S.C. § 2412 of the EAJA, defendant contends that plaintiff is not entitled to an award of fees.

### *Discussion*

The Court finds the award of fees is proper in this case.  Section 2412 of the EAJA provides that a court:

> shall award to a prevailing party . . . fees . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Accordingly, plaintiff's attorney is entitled to fees if (i) plaintiff was the prevailing party, (ii) the fees were "incurred by that party in [the] civil action" in which the party prevailed, and (iii) the defendant's position was not substantially justified.  Id.

Plaintiff has met all of these requirements in the instant matter.  The Court reversed the ALJ's adverse decision and remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  The Supreme Court has stated that "a party who wins a sentence-four remand order is a prevailing party."  Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

The Court also finds that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(A).  The Commissioner has the burden of proving that the denial of benefits

2

was substantially justified.  See Scarborough v. Principi, 541 U.S. 401, 414-15 (2004) (courts uniformly have recognized that the Government shoulders the burden of establishing its position was substantially justified) (citations omitted); Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991); Jackson v. Bowen, 807 F.2d 127 (8th Cir. 1986)(per curiam).  The determination of whether the Commissioner's position was substantially justified is a matter for the Court's discretion.  Pierce v. Underwood, 487 U.S. 552, 557-63 (1988).  The Commissioner must show that the denial had a reasonable basis in law and fact; i.e., show that the Commissioner's position was "justified to a degree that could satisfy a reasonable person" in denying the benefits.  Id. at 565-66; Welter, 941 F.2d at 676.  The Commissioner's position in denying benefits can be substantially justified although the denial is unsupported by substantial evidence on the record as a whole.  Welter, 941 F.2d at 676.

Upon review of the record and the briefs filed by the parties, the Court concludes that defendant has failed to sustain its burden of demonstrating that the Commissioner's position was substantially justified.  On March 29, 2011, after a thorough review of the record, the Court remanded this case due to the ALJ's failure to reconcile blatant inconsistencies in a Residual Functional Capacity ("RFC") report upon which the ALJ had based his decision.  In his decision to deny benefits, the ALJ did not address the internal inconsistencies regarding plaintiff's need to shift positions.  The ALJ's failure to address the inconsistencies in the RFC was  significant because those inconsistencies affected the opinion of the Vocal Expert ("VE").  Under one set of limitations found in the RFC, the VE testified plaintiff could perform other work.  But when asked whether plaintiff could work under more restrictive limitations found in the same RFC, the VE testified, and the ALJ admitted, plaintiff could not perform his past work or any other work.  In his decision, the ALJ adopted without explanation or referring to other medical evidence the less restrictive limitations in the RFC.  The ALJ's decision was affirmed by the Appeals Council.  The failure of

the Commissioner to reconcile the evident inconsistencies in the report before making a benefits determination was not a substantially justified position.  See Lauer v. Apfel, 245 F.3d 700, 705 (8th Cir. 2001); Prosch v. Apfel, 201 F.3d 1010, 1013 (8th Cir. 2000); Koss v. Sullivan, 982 F.2d 1226 (8th Cir. 1993).

Citing to Pierce v. Underwood, 487 U.S. 552, defendant argues that the Commissioner's position was substantially justified because the United States Magistrate Judge found the Commissioner's position was correct in his Report and Recommendation.  Contrary to defendant's argument, the fact that a Magistrate Judge found in the Commissioner's favor does not create a presumption that defendant's position was substantial justified under Pierce, 487 U.S. at 557-63. The Supreme Court in Pierce wrote: "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." Id. at 569.  In the Report and Recommendation, the Magistrate Judge did not fully acknowledge the clear inconsistencies in the RFC and the significance of the ALJ's decision to adopt, without explanation, the less restrictive limitations found in the RFC.  This Court disagreed with the Magistrate Judge's analysis, which is why it did not adopt the Report and Recommendation.  Based on the record before it, this Court finds defendant's position was not substantially justified, and an award of attorney's fees under the EAJA is warranted.  Id.

The Court further finds that plaintiff's application for fees is reasonable as to hours spent on this matter, and that sufficient proof has been submitted to support the request for attorney's fees in excess of the statutory limit.  See McNulty V. Sullivan, 886 F.2d 1074, 1074-75 (8th Cir. 1989). The EAJA provides that attorney's fees may be awarded in excess of the maximum hourly rate of $125.00 per hour as provided by statute if "the court determines that an increase in the cost of living or a special factor. . . justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).  The Eighth Circuit has

held that the Court may increase the limit on attorney's fees if provided proper proof that reflects an increase in the cost of living.  <u>Kelley v. Bowen</u>, 862 F.2d 1333, 1336 (8th Cir. 1988).  Plaintiff has submitted substantial proof in support of her request for fees at a rate of $163.59 per hour an hour, for attorney time.  The Court will award plaintiff fees in the amount of Four Thousand Five Hundred Thirty-Nine Dollars and Sixty-Two Cents. ($4,539.62).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's amended motion for attorney's fees in the amount of Four Thousand Five Hundred Thirty-Nine Dollars and Sixty-Two Cents. ($4,539.62) is **GRANTED**.  [Doc. 31]  The award shall be made payable to Joseph R. Higgins.  <u>See</u> <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521, 2529 (2010).

**IT IS FURTHER ORDERED** that plaintiff's first motion for attorney's fees is **DENIED as moot.**  [Doc. 30.]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th   day of September, 2011.